IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
CHARLESTON, SC
2012 JAN 31  P 3: 04

| | |
|---|---|
| Frank R. Patterson, #283098 ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:11-1610-RMG |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Warden C. McCabe, ) | |
| ) | |
| Respondent. ) | |

In this case, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to United States Magistrate Judge Thomas E. Rogers, III, for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. On October 24, 2011, Respondent filed a motion for summary judgment (Dkt. No. 20), along with a return, a forty page supporting memorandum and exhibits (Dkt. No. 19). On October 25, 2011, the Magistrate Judge issued a *Roseboro* Order instructing Petitioner that December 1, 2011 was the deadline to respond to Respondent's motion for summary judgment, and instructing Petitioner that the Court may grant Respondent's motion for summary judgment if Petitioner did not respond by the deadline. (Dkt. No. 21). Petitioner failed to file a response to Respondent's motion by the December 1, 2011 deadline. The Magistrate Judge then issued a second order on December 13, 2011, advising Petitioner if he did not respond to the Respondent's motion for summary judgment by December 28, 2011, that his case may be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 23). Notwithstanding these instructions, Petitioner has failed to file a response to Respondent's motion for summary judgment.

1

The Magistrate Judge recommended dismissing Petitioner's action for failure to prosecute due to Petitioner's failure to file an opposition to Defendant's motion for summary judgment. (Dkt. No. 28). Petitioner has not filed any objections to the Magistrate's Report and Recommendation. Upon reviewing the record, this Court agrees with, and adopts the findings and recommendations of the Magistrate Judge.

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Here, the Magistrate Judge twice instructed Petitioner of the importance of filing a response to a summary judgment motion. (Dkt. Nos. 21 & 23). Nevertheless, Petitioner failed to file any response. Further, Petitioner has not objected to the Magistrate Judge's recommendation that this action be dismissed for failure to prosecute. (Dkt. No. 28). As a result, this Court adopts the Magistrate Judge's Report and Recommendation as the order of this Court and incorporates it herein.

## Conclusion

Accordingly, the Complaint is **dismissed** with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Any pending motions are terminated in light of this Order.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

January 31, 2012
Charleston, South Carolina